*UNITED STATES DISTRICT COURT*
*DISTRICT OF CONNECTICUT*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 3:05CR281(EBB)** |
| v. | : | |
| **ANTHONY STONE** | : | **AUGUST 9, 2009** |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The Defendant, Anthony Stone, respectfully submits this Memorandum in Aid of Sentencing which is presently scheduled for August 11, 2009 at 1:00 p.m.

### I.)   INTRODUCTION AND BACKGROUND

The Defendant, Anthony Stone, would adopt as correct the recitation of procedural background and developments contained on pages one and two of the Government's Memorandum in Aid of Sentencing dated August 9, 2009.

### II.)   COUNTER STATEMENT OF OFFENSE CONDUCT

The Defendant would submit that Mr. Stone has effectively admitted all essential facts which would support a conviction in this matter. It appears that Mr. Stone has also sufficiently admitted his criminal conduct to this Court at the his plea hearing on November 4, 2008 as well as to APO Mark Meyers on February 19, 2009 during the PSR interview.

Mr. Stone does not agree with all of the facts alleged in the Government's Sentencing Memorandum of August 9, 2009 ( Pages 2- 12 of the Government's Brief in Aid of Sentencing.) Counsel believes that he has sufficiently challenged any and all facts which he and his client have not agreed with in previous filings with this Court. Counsel does not wish to burden this Court by reprinting the numerous corrections and counter arguments here. Lastly, seeing that Mr. Stone

has reserved his right to appeal the rulings of this Court regarding the suppression of the firearms seized, and should Mr. Stone in fact appeal said ruling, then he cannot and does agree with any of the facts posited by the government which would have a negative effect on a potential appeal.

### III.) ADDENDUM TO OFFENDER CHARACTERISTICS

Counsel would submit that the majority of the offender Characteristics contained in the PSR of June 24, 2009 are correct, but counsel would like to add a number of points. As to Paragraph 31, it should be noted that the biological father of Mr. Stone lives around the corner from Mr. Stone and that Mr. Stone sees him on an all too frequent basis. These encounters bring devastating turmoil and confusion to Mr. Stone's life.

As to Paragraph 32, Mr. Stone neglected to mention to APO Meyers about the welcome he, his brother and adoptive parents received upon moving to Scotland, Connecticut. According to Mr. Stone, upon moving to Scotland he, nor his family was welcome in that town. In fact, as Mr. Stone reports he had to be escorted to school for two and one half weeks by the Connecticut State Police. Moreover, the Ku Klux Klan protested the arrival of the Stone Family to Town. This experience at such a young age has had tremendous negative effects on Mr. Stone.

As to paragraph 35, Mr. Stone neglected to inform APO Meyers that his brother had in fact bled to death in Mr. Stone's arms. This event has had the most devastating effect on Mr. Stone for two specific reasons. First, Mr. Stone and his brother were more inseparable than any two brothers could be due to the miserable and chaotic upbringing they endured, together, while growing up. Second, counsel would submit that had Andrew Stone been alive today, that Anthony Stone would have never possessed nor been charged as a felon in possession of firearms.

### IV.) CRIMINAL HISTORY and OFFENSE LEVEL COMPUTATION

The United States Probation Department, Officer Mark Meyers, calculated that Mr. Stone had a total of six criminal history points, thereby placing him in a criminal history category of III. (Please see PSR at paaragraph 20-25).

Paragraph 11 through 19 detail Mr. Stone's Offense Level Computation, which APO Meyers determined to be a 19. The recommended sentence under these circumstances is 36 to 47 months of incarceration. Counsel would urge this Court to impose to low end of the range in this matter, if it elects to not apply any sort of downward departure.

### V.) LAW

As a result of the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the sentencing guidelines are now "effectively advisory" in all federal cases. Id. At 757. The end result of this decision is that a District Court must now "consider guideline ranges," but may "tailor the sentencing in light of other statutory concerns as well." Id. The United States Sentencing Guidelines now operate under the rubric of Section 3553 of Title 18 of the United States Code. As such, Section 3553(a) is comprised of two distinct parts: 1.) The "sentencing mandate" contained in the prefatory clause of Section 3553(a), and 2.) the "factors" to be considered in fulfilling that mandate. The sentencing mandate is therefore an overriding principle which tempers the sentence that a court may now impose.

This "mandate" and the overriding principle of 3553(a) requires a district court to impose a sentence which is "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2). Thus, 18 U.S.C. Section 3553(a)(2) provides:

1.) **Retribution**, so as to "reflect the seriousness of the offense, and to promote respect for the law, and to provide just punishment for the offense,"

  2.)  **Deterrence**, so as to "afford adequate deterrence to criminal conduct,"

  3.)  **Incapacitation,** so as to "protect the public from further crimes of the defendant," and

  4.)  **Rehabilitation,** so as to "provide the defendant with needed educational and vocational training, medical care, or other treatment in the most effective manner."

  The "sufficient but not greater than" requirement sets an independent upper limit on the sentence which a court may impose. In determining the sufficiency requirement so as to comply with Section 3533(a)(2)'s purposes at sentencing, courts must consider the factors enumerated in section 3553(a). These factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the kinds of sentences available, (3) the guidelines and policy statements issued by the Sentencing Commission, including the recent "non-mandatory" guideline range, (5) the need to avoid unwarranted sentencing disparity, and (6) the need to provide restitution where applicable. 18 U.S.C. Section 3553 (a)(1), (a)(3)-(7). This statute nor <u>Booker</u> suggest that any of these factors are to be given disparate weight when compared to the others. However, all of these factors take a subservient position to the paramount mandate that that court's impose sentences which are not greater than necessary to comply with the four underlying purposes of sentencing, as detailed above.

  In the framework of 18 U.S.C. Section 3553, the sentencing guidelines set forth a non-exhaustive list of factors that can constitute a basis for departure. <u>United States v. Rogers</u>, 972 F.2d 489, 492 (2d Cir. 1992); U.S.S.C. Guidelines Chapter 5, part K(2). Seeing that the guidelines were not intended to encompass every sentencing scenario, they, therefore, permit downward departures both for factors enumerated in the sentencing guidelines and for mitigating

factors that are not specifically addressed in the sentencing guidelines, but which are present in the particular case under consideration. Id at 492-93; U.S.S.C. Guidelines Chapter 1 part A(4)(b). Furthermore, district courts are afforded substantial discretion in determining whether a factor is appropriate for a downward departure. United States v. Galante, 111 F3d 1029, 1035-36 (2d Cir. 1997); United States v. Rioux, 97 F.3d 648, 663 (2d Cir. 1996). As such, a downward departure is appropriate if a mitigating factor "of a kind, or to a degree, not adequately taken into consideration" in the guidelines exists in the case, and, the mitigating factors can serve as the basis for the departure either individually or collectively. U.S.S.C. Guidelines Chapter 5, part K(2) *and* Rioux, 97 F.3d 663.

**Counsel would contend that despite APO Meyers assertion in Paragraph 59 of the PSR that he " is not aware of any circumstances that warrant either a departure or non guideline sentence in this case" is inapplicable here. In Counsel's opinion, the Defendant has endured the worst experiences imaginable during the course of his life which necessitates a downward departure under the totality of circumstances. In all of Counsel's personal and professional he is hard pressed to come up with another example of a person who has endured such tragedy throughout his life, yet has nevertheless advanced himself in life.**

The Second Circuit in United States v. Crosby, 397 F.3d 103 (2d. Cir. 2005), applied the *Booker* holding by stating that the guidelines are no longer mandatory. Id at 113. The Court explained that it could identify several essential aspects of the *Booker* holding which relate to sentencing parameters:

> First, the guidelines are no longer mandatory. Second, the sentencing judge must consider the guidelines and all other factors listed in section 3553(a). Third, consideration of the guidelines will normally require determination of the

applicable guideline range, or at least identification of the arguably applicable guideline ranges, and consideration of the applicable policy statements. Fourth, the sentencing judge should decide, after considering the guidelines and all other factors set for in Section 3553(a), whether (1) to impose the sentence that would have been imposed under the guidelines, or (2) to impose a non-guideline sentence. Fifth, the sentencing judge is entitled to find all facts appropriate for determining either a guidelines sentence or a non-guidelines sentence. Id.

Essentially, the sentencing judge is to consider all of the factors listed in section 3553(a) and all applicable policy statements when determining a sentence, not simply the guideline range. Id. at 111. However, the *Crosby* court endeavored to provide District Court Judges the discretion to use what he or she believes to be ***reasonable*** to faithfully perform his or her statutory duties. Id. at 113 (emphasis added).

VI.) ARGUMENT

A. Stipulation

The plea agreement contains a guideline stipulation of 36 to 47 months as recounted above.

In the present matter, Counsel for Mr. Stone respectfully requests that this Court depart downward from the recommended sentence suggested in the PSR and sentence him to a term of imprisonment of below the guideline range.

B. The guideline sentence suggested in the PSR is not reasonable under 18 U.S.C 3553(A)

Pursuant to the holding of *Booker* and its progeny, the guideline range suggested by the Probation Department of 36 to 47 months should be considered, but may not be said to be mandatory. This Court should duly consider the other statutory factors promulgated when handing down an appropriate sentence. As such, when deciding what a fair and "sufficient, but

not greater than necessary" sentence is, due consideration must be given to the factors set forth in Section 3553(a)(2).

I.)    **Factors to Consider**

    1.)    *Mr. Stone desires to continue his self analysis so as to become a better person and father and to lead a more productive life*

Mr. Stone has been incarcerated for approximately 22 months since this Court revoked his bond on October 29, 2007. Moreover, Mr. Stone was held in State Custody in pretrial detention on these exact same charges for approximately FIVE (5) additional months. During this period he has lived a clean and sober lifestyle and has had the ability to reflect upon all of the positive and negative actions and traits in his personal life. Through the isolation from his loved ones, and with a clear mind, he has realized that a great deal of improvement in his life can be had in the future.

    2.)    *Mr. Stone has found steady work in the past to support his family and intends to do so in the future*

Mr. Stone has worked in the construction field in the past as well as in the engineering filed in the clean up of contaminated work sights. It is his hope to be released from prison and resume his career and financially and emotionally support his children.

    3.)    *Mr. Stone has significant family responsibilities, especially to his children*

Mr. Stone has every intention of being actively involved with his children upon his release. He has expressed this desire to counsel. Over the past twenty two months, Mr. Stone has

had sporadic contact with his children. He feels that he has abandoned his children and does not want them to feel that they are orphaned, like he was a such a young age.

### II.) A Sentence Below The Recommended Minimum of 36 to 47 Months Is Sufficient To Fulfill The Sentencing Goals Of Retribution, Deterrence, Incapacitation, and Rehabilitation

#### 1.) *Retribution- to reflect the seriousness of the offense, and to promote respect for the law, and to provide just punishment for the offense*

Mr. Stone understands and expects to receive a lengthy term of incarceration for the crimes which he has pled guilty. However, a sentence of 36 to 47 months is greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Counsel submits that a sentence below the recommended minimum will suffice and effectively serve the goals espoused above. There is no doubt in Mr. Stone's mind that he will serve a significant term of imprisonment, and, due to this confinement, he will suffer. He has understood the seriousness of his offense since the date of arrest and has accepted responsibility for his actions. He views his impending incarceration as a further acceptance of responsibility and a repayment to society for this past transgression. His incarceration has provided him with a new found respect for the law which he will take into society upon his release.

#### 2.) *Deterrence- to afford adequate deterrence to criminal conduct*

The sentencing goal of general deterrence can be met with a sentence less that 36 to 47 months. Mr. Stone has been incarcerated for approximately 27 months total and is ready to accept the rest of his sentence as a responsible adult American male. The general deterrent message has already been sent to the persons in the State of Connecticut, most especially persons

within the defendant's sphere of influence. A clear message has been sent to these persons that illegal possession of weapons cannot be tolerated. However, should Mr. Stone be incarcerated as suggested in the PSR, it will delay him from being released to the community so as to spread the message by speaking and interacting with impressionable members of society in the hope of influencing them positively.

### 3.) *Incapacitation to protect the public from further crimes of the defendant*

Specific deterrence has also been achieved in this case and the public has been protected from further criminal activity of Mr. Stone. The isolation of prison life has made Mr. Stone realize certain character flaws which need to be and are being addressed. He anticipates his release at some point in the future and wishes to make amends with his children, ex-wife, and society. Moreover, he understands the seriousness nature of his crimes. Lastly, counsel would note that any federal sentence handed down mandates that the prisoner serve 85% of that sentence. With this in mind, any sentence handed down by this court will far exceed any previous sentence which Mr. Stone has served.

### 4.) *Rehabilitation- to provide the defendant with needed educational and vocational training, medical care, or other treatment in the most effective manner*

Finally, the overriding goal of rehabilitation has been met at this point, but Mr. Stone realizes that his future incarceration will only reinforce his positive thought processes and can only be viewed as a benefit to his overall recovery. Mr. Stone has analyzed his actions and life and is taking positive steps to make him a better father, citizen and human. Any education to aid Mr. Stone can only be attained outside the bounds of prison.

## VIII.) CONCLUSION

The sentencing goals which Congress sought to attain through the Federal Sentencing Guidelines can be met with a sentence shorter than is suggested. In this post *Booker* sentencing world, where the guidelines are merely advisory, sentencing judges are left with the discretion to deviate from the guidelines. In so doing, a sentencing judge must impose a sentence which is sufficient, but not any greater than necessary to comply with the factors enumerated in section 3553(a)(2). In consideration of all relevant factors here, counsel would respectfully assert that a sentence below the recommended 36 to 47 months would be sufficient to comply with these factors.

                                  **Respectfully submitted,**
                                  **THE DEFENDANT,**
                                  **ANTHONY STONE**

                                **By:** _____
                                **ROBERT P. PICKERING**
                                **Federal Bar No.: CT 11639**
                                **The Law Office of Robert P. Pickering**
                                **94 Hungerford Street**
                                **P.O. Box 2455**
                                **Hartford, CT 06146-2455**
                                **Telephone:   (860) 522-5297**
                                **Facsimile:    (860) 722-9671**

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing motion has been hand delivered this 10th Day of August, 2009, to the following:

Geoffrey Stone, Esq.
Assistant United States Attorney
Office of the United States Attorney
District of Connecticut
450 Main Street
Hartford, CT 06103

Chambers of Hon. Ellen Bree Burns
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

Clerk's Office
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

_____
Robert P. Pickering