**MANDATE**

09-3528-cr
United States v. Stone

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand and ten.

PRESENT:

    JOHN M. WALKER, JR.,
    JOSÉ A. CABRANES,
                  *Circuit Judges,*
    JOHN G. KOELTL,
                  *District Judge.*[1]

-----------------------------------------------x

UNITED STATES OF AMERICA,

        *Appellee,*

v.                                                             No. 09-3528

ANTHONY STONE,

        *Defendant-Appellant.*

-----------------------------------------------x

**FOR DEFENDANT-APPELLANT:**    J. PATTEN BROWN, III, Law Offices of Pat Brown, Bloomfield, CT.

---

[1] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

1

MANDATE ISSUED ON 12/01/2010

| | |
|---|---|
| FOR APPELLEE: | GEOFFREY M. STONE, Assistant United States Attorney for the District of Connecticut (David B. Fein, United States Attorney, *on the brief*, Raymond F. Miller, Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the District of Connecticut, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Ellen B. Burns, *Judge*) denying a motion by Defendant-Appellant Anthony Stone ("defendant") to suppress evidence.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant appeals, in particular, the District Court's September 18, 2007 ruling and October 9, 2008 amended ruling, denying his motion to suppress evidence found by the police during a search of his home in the presence of his estranged wife Tayarisha Stone ("Mrs. Stone"). Defendant claims that Mrs. Stone lacked actual authority to consent to a search of the premises under the Fourth Amendment to the United States Constitution, and that she did not voluntarily consent to a search of the premises. Defendant also claims that the District Court erred in determining that he did not meet his burden of showing that the search warrant affidavit contained a false statement or omission that was made knowingly, intentionally, or with reckless disregard for the truth. We assume the parties' familiarity with the facts and procedural history of this action.

In reviewing the denial of a motion to suppress evidence, we review the district court's conclusions of law *de novo* and its findings of fact for clear error, taking those facts in the light most favorable to the government. *See, e.g.,* United *States v. Lucky*, 569 F.3d 101, 105-106 (2d Cir. 2009); *United States v. Watson*, 404 F.3d 163, 166 (2d Cir. 2005).

Following *de novo* review, we deny defendant's claims for substantially the reasons stated by the District Court in its well-reasoned Ruling on Defendant's Motion to Suppress, *see United States v. Stone*, 3:05-cr-281 (EBB), 2007 WL 2727532 (D. Conn. Sept. 18, 2007). Specifically, we hold that the District Court properly concluded that Mrs. Stone had authority to consent, and voluntarily consented, to the morning search of the residence because she had actual authority to consent to the search of the family home and because the officers reasonably believed that she had authority to consent to the search. We find, moreover, that there was more than ample probable cause to support the search warrant; that the District Court properly concluded that the search warrant

affidavit did not contain a false statement that was made knowingly, intentionally, or with reckless disregard for the truth; and that defendant did not show that any alleged false statement was material to a finding of probable cause.

## CONCLUSION

We have considered all of defendant's claims and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

*Catherine O'Hagan Wolfe* [signature]

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Catherine O'Hagan Wolfe* [signature]